**ASSOCIATION OF SIGNIFICANTLY IMPACTED NEIGHBORS, Plaintiff,**

v.

**CITY OF LIVONIA, Wayne County, Michigan Department of Natural Resources, and United States Environmental Protection Agency, Defendants.**

Civ. A. No. 90–73557–DT.

United States District Court,
E.D. Michigan, S.D.

June 4, 1991.

Marc D. Machlin, Pepper, Hamilton & Scheetz, Washington, D.C., Saul A. Green, Wayne County Corp. Counsel, Thomas A. Neenan, Wayne County Asst. Corp. Counsel, Detroit, Mich., Harry C. Tatigian, City of Livonia Legal Dept., Livonia, Mich., Sebastian Patti, Asst. Regional Counsel, U.S. EPA—5CA, Chicago, Ill., David L. Maurer, Pepper, Hamilton & Scheetz, Peter A. Caplan, Asst. U.S. Atty., Detroit, Mich., John C. Scherbarth, Asst. Atty. Gen., EPA Div., Lansing, Mich., for defendants.

Harold Dunne, Livonia, Mich., for plaintiff.

## OPINION AND ORDER

FEIKENS, District Judge.

Plaintiff, the Association of Significantly Impacted Neighbors ("ASIN"), sues under the Clean Water Act ("CWA"), 33 U.S.C. § 1251, *et seq.*, the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.*, and applicable federal regulations, seeking an injunction forbidding defendants from constructing an underground sewage retention basin on the site presently proposed. ASIN's members, a group of persons residing in the City of Livonia, are concerned that the proposed basin will emit unpleasant odors and will reduce local property values. The essence of ASIN's complaint is that defendants inadequately assessed the environmental impact of this project and failed to develop a sufficient public information and participation program in connection therewith.

The matter is before me on cross motions for summary judgment and defendants' motions to dismiss. For the reasons set forth below, summary judgment is GRANTED in favor of defendants.

First, I find that plaintiff has not demonstrated that it has standing to enforce alleged violations of the CWA or NEPA.

Citizens suits to enforce the CWA are limited to two statutory provisions. Under 33 U.S.C. § 1365(a)(1), private citizens may bring civil actions against any person alleged to be in violation of the conditions of a permit or the effluent limitations imposed by any administrative order. However, ASIN points to no "effluent standard" which the proposed basin will violate. Thus, ASIN has no standing to sue under this provision.

Under 33 U.S.C. § 1365(a)(2), private citizens can bring an action against the United States Environmental Protection Agency ("EPA") when there is alleged a failure of EPA to perform any act or duty which under this chapter is not discretionary in nature. However, EPA grant decisions—such as the one at issue here— necessarily involve discretion and therefore are not subject to challenge in a citizens suit. *See, e.g., Sarasota, Florida v. EPA*, 799 F.2d 674, 678, n. 8 (11th Cir.1986); *Concerned Citizens of Bushkill Township v. Costle*, 592 F.2d 164 (3rd Cir.1979) (EPA's determination as to compliance or noncompliance with grant conditions is a discretionary act); *Strickland v. Morton*, 519 F.2d 467, 469 (9th Cir.1975) (The Title II construction grant conditions "breathe discretion at every pore"). Inasmuch as ASIN has failed to show that the EPA actions it challenges here were non-discretionary, I find that ASIN similarly lacks standing to enforce the CWA under 33 U.S.C. § 1365(a)(2).[1]

ASIN similarly fails to demonstrate standing to sue based on the Administrative Procedure Act ("APA"), 5 U.S.C. § 702. That section provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggriev- ed by agency action within the meaning of a relevant statute, is entitled to judicial review thereof...." 5 U.S.C. § 702. To establish standing under this provision, a plaintiff (1) must show "injury in fact" as a result of the challenged action and (2) must assert an interest that is within the "zone of interests" that the statute was intended to protect. *Lujan v. National Wildlife Fed'n*, ―― U.S. ――, 110 S.Ct. 3177, 3186, 111 L.Ed.2d 695 (1990); *Clarke v. Securities Indus. Ass'n*, 479 U.S. 388, 396–97, 107 S.Ct. 750, 755–56, 93 L.Ed.2d 757 (1987); *Ohio v. United States Dep't of Transp.*, 766 F.2d 228, 232 (6th Cir.1985).

Here, any allegation of "injury in fact" is highly speculative. More significantly, ASIN has failed to demonstrate that the interest it seeks to protect, *i.e.*, the alleged decrease in local property values, is within the zone of interests protected by the relevant statutes. The CWA was enacted "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). ASIN's asserted interest plainly does not relate to improved water quality. In fact, if the relief requested by ASIN was granted, the result would be to prolong the discharge of untreated sewage into the Rouge River and its tributaries. This would directly conflict with the purposes of the CWA.

The economic interests which ASIN asserts are also outside the zone of interests protected by NEPA. *See, e.g., Sabine River Auth. v. U.S. Dept. of Interior*, 745 F.Supp. 388, 397 (E.D.Tex.1990); *Churchill Truck Lines, Inc. v. United States*, 533 F.2d 411, 416 (8th Cir.1976); *Port of Astoria v. Hodel*, 595 F.2d 467, 475 (9th Cir. 1979).

Accordingly, I find that ASIN lacks standing to sue under 33 U.S.C. § 1251 *et*

---

1. ASIN also lacks standing to sue under the CWA due to its failure to comply with the applicable 60–day notice requirement, a mandatory condition precedent to filing suit under the citizens suit provision. *Walls v. Waste Resource Corp.*, 761 F.2d 311, 316 (6th Cir.1985); 40 C.F.R. §§ 135.1–135.3. ASIN never provided timely written notice to defendants in accord- ance with applicable EPA regulations. ASIN argues that by sending letters to EPA objecting to the location chosen for the basin, it complied with the 60–day notice requirement. The U.S. Court of Appeals for the Sixth Circuit, however, has rejected the argument that constructive notice is sufficient. *Walls, id.*

*seq.* (CWA) or under 42 U.S.C. § 4321 (NEPA).

■ However, I do not dismiss ASIN's complaint solely on the basis of its lack of standing. Even if ASIN did have standing to press its claims, defendants would be entitled to summary judgment under Federal Rule of Civil Procedure 56(c). Rule 56(c) provides that summary judgment shall be granted if the record demonstrates that "there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law." When a plaintiff seeks judicial review under the APA—as ASIN purports to do here—judicial review must be based on the exiting administrative record. *See* 5 U.S.C. § 706; *Camp v. Pitts,* 411 U.S. 138, 142, 93 S.Ct. 1241, 1244, 36 L.Ed.2d 106 (1973). Moreover, judicial review of agency action is limited to determining whether the agency's decisions were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

First, I find no arbitrary or capricious conduct on the part of defendants relative to the placement of the basin. Counts VII–IX of the complaint appear to allege that the decision to locate the basin at its current site violated NEPA.

■ NEPA was enacted to ensure that federal agencies consider the environmental consequences of their actions. *Kleppe v. Sierra Club,* 427 U.S. 390, 409, 96 S.Ct. 2718, 2729–30, 49 L.Ed.2d 576 (1976). Thus, federal agencies are required to consider and disclose the environmental impacts of their actions. *Baltimore Gas & Elec. Co. v. Natural Resources Defense Council,* 462 U.S. 87, 97–98, 103 S.Ct. 2246, 2252–53, 76 L.Ed.2d 437 (1983). NEPA does not mandate particular results, but simply prescribes the necessary process. *Robertson v. Methow Valley Citizens Council,* 490 U.S. 332, 350, 109 S.Ct. 1835, 1845–46, 104 L.Ed.2d 351 (1989).

■ The first step under NEPA is to prepare an environmental assessment ("EA"). The EA describes the proposed federal action and possible alternatives, discusses the expected environmental effects of the project, and lists agencies and persons consulted. *See* 40 C.F.R. §§ 1501.3, 1501.4, 1508.13. If the EA finds that there are significant effects, an Environmental Impact Statement ("EIS") must be prepared; otherwise a Finding of No Significant Impact ("FONSI") is issued. The latter occurred here.

ASIN alleges that EPA somehow failed to comply with these procedures. I do not agree. The record demonstrates that EPA followed the proper procedures, examined reasonable alternatives, and did not act arbitrarily or capriciously in evaluating the environmental effects of this project. *See, e.g., Admin. Rec.* 2054, 2749, 3222, 3529, 4414–16, 4442–43, 4346–48, 4951.

ASIN also alleges that defendants failed to comply with 40 C.F.R. § 6400, which instructs EPA to make "diligent efforts" to involve the public in the environmental review process. The record does not substantiate ASIN's claim. Over a twelve-year period, numerous meetings were held to discuss the basin or the larger project of which it was a part. *See, e.g., Admin. Rec.* 2912, 2913, 2917, 4039–40, 4044–46, 2917–21, 4047–51, 2267, 2470–83, 2984, 2987, 3019, 3043, 3415–18, 4056–4060, 4073–4086, 4616–17, 4726. In these circumstances, I find no evidence of arbitrary or capricious conduct in connection with defendants' efforts to involve the public in the environmental review process relative to this project.

Accordingly, defendants' motion for summary judgment is GRANTED. IT IS SO ORDERED.