ATLANTIC STATES LEGAL FOUNDA-
TION, dba Southwest Environmental
Project, and Don't Waste Arizona, Inc.,
Plaintiffs,

v.

SALT RIVER PIMA–MARICOPA
INDIAN COMMUNITY, et
al., Defendants.

No. CIV 93–0076 PHX EHC.

United States District Court,
D. Arizona.

July 12, 1993.

Matthew David Karnas, Siegel & Bellovin, Tucson, AZ, for plaintiffs.

Richard B. Wilks and Melvin J. Mirkin, Shea & Wilks, Phoenix, AZ, for defendants.

### ORDER

Re: Dkts. # 19 & 66

CARROLL, District Judge.

*Introduction*

On January 12, 1993, plaintiffs Atlantic States Legal Foundation and Don't Waste Arizona, Inc. filed an action against the Salt River Pima–Maricopa Indian Community (SRPMIC) and the cities of Scottsdale, Mesa and Tempe under the citizen suit provisions of the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. § 6972(a)(1)(A) and (B), and the Federal Water Pollution Control Act (Clean Water Act or CWA), 33 U.S.C. § 1365. Complaint ¶ 1. The Complaint seeks injunctive relief, imposition of civil penalties, and the award of attorneys' fees and costs. *Id.*

The Complaint alleges that the Salt River Pima–Maricopa Indian Community Landfill, more commonly known as the Tri–City Landfill in Maricopa County, Arizona, is being operated by defendant SRPMIC in violation of RCRA, 42 U.S.C. §§ 6944, 6945, and 40 C.F.R. 257.1 *et seq.*, and the Clean Water Act, 33 U.S.C. § 1311(a) and 33 U.S.C. § 1344. *Id.* ¶ 7. The Court approved a stipulated agreement between SRPMIC and plaintiffs concerning the operation of the landfill that disposed of plaintiffs' Motion for Temporary Restraining Order and, in the

alternative, Preliminary Injunction. *See* Order dated 1–27–93, Dkt. # 29.

On January 25, 1993, defendant SRPMIC moved for dismissal of the Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). SRPMIC argues that the action filed is not permitted under the citizen suits provisions of the CWA and RCRA, 33 U.S.C. § 1365 and 42 U.S.C. § 6972, respectively. Alternatively, SRPMIC moves for dismissal of the Complaint as it relates to any alleged violations of 33 U.S.C. § 1344 of the CWA, asserting that such a violation is not maintainable under the citizen suit provision, 33 U.S.C. § 1365.

*Argument—Total Dismissal*

■ The citizen suit provisions of the CWA and RCRA authorize private enforcement of the provisions of their respective statutes. Section 1365(a) of the CWA, entitled "Citizen Suits," provides that any citizen may commence a civil action on his own behalf:

> (1) against any person (including (i) the United States, and (ii) any other governmental instrumentality or agency to the extent permitted by the eleventh amendment to the Constitution) who is alleged to be in violation of (A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation,

33 U.S.C. § 1365(a)(1).

Section 1362 provides definitions for the terms used in the subchapter that includes the citizen suit provisions. A "person" is specifically defined to include municipalities. 33 U.S.C. § 1362(5). A "municipality" is further defined to include an "Indian tribe or an authorized Indian tribal organization." 33 U.S.C. § 1362(4). The relevant provisions of RCRA are similar.[1]

In *Blue Legs v. United States Bureau of Indian Affairs,* 867 F.2d 1094 (8th Cir.1989), two members of the Oglala Sioux Tribe brought suit against the Environmental Protection Agency (EPA), the EPA's Administrator, the Bureau of Indian Affairs (BIA), the Indian Health Service (IHS) and subsequently joined the Oglala Sioux Tribe. 867 F.2d at 1095. The complaint asserted that garbage dumps located on the Reservation were maintained in violation of federal law. *Id.* The district court dismissed the EPA and its Administrator and ordered the Tribe, the BIA and IHS to submit a plan within 120 days to bring the site into compliance. *Id.*

On appeal the Tribe argued, *inter alia,* that it is immune suit. The Eighth Circuit rejected this argument, holding that RCRA abrogated tribal sovereign immunity with respect to violations of RCRA:

> Under the RCRA, citizens are permitted to bring compliance suits "against any person (including (a) the United States and (b) any other governmental instrumentality or agency * * *) who is alleged to be in violation * * *." 42 U.S.C. § 6972(a)(1)(A). "Person" is subsequently defined to include municipalities. 42 U.S.C. § 6903(15). Municipalities include "an Indian tribe or authorized tribal organization * * *." 42 U.S.C. § 6903(13)(A). *See also* House Report, *supra* note 1, at 37, USCAN 6275 (specific examples of harm to be avoided, including Indian children playing in dumps on reservations); *State of Washington Dep't of Ecology v. E.P.A.,* 752 F.2d 1465, 1469–71 ( [9th Cir.] 1985) (RCRA applies to Indian tribes). It thus seems clear that the text and history of the RCRA clearly indicates congressional intent to abrogate the Tribe's sovereign immunity with respect to violations of the RCRA.

*Id.* at 1097 (footnotes omitted).

Defendant seeks to distinguish *Blue Legs* on two grounds: the *Blue Legs* plaintiffs were members of the Oglala Sioux Tribe who resided on the Reservation where the actions complained of occurred; and the Sioux Tribe was not an original defendant in the action, but was subsequently joined as one. Howev-

---

**1.** 42 U.S.C. §§ 6972(a)(1)(A), 6903(13) and (15). The parties agree that, for purposes of this part of defendant's Motion to Dismiss, the citizen suit provisions of the CWA and RCRA are identical.

*See also United States Dep't of Energy v. Ohio,* —— U.S. ——, ——, 112 S.Ct. 1627, 1633, 118 L.Ed.2d 255 (1992).

er, defendant does not explain how these two circumstances are of particular moment to the issues presently before the Court.

Defendant also urges the Court to reject the Eighth Circuit's rationale, arguing that the circuit court's "definitional exercise is not what the Supreme Court had in mind when it held that the absence 'of any unequivocal expression of contrary legislative intent ... suits against [an Indian government] are barred by its sovereign immunity from suit.'" Reply at 5, *quoting Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 59, 98 S.Ct. 1670, 1677, 56 L.Ed.2d 106 (1978).

*Santa Clara Pueblo* involved the issue of whether a tribal ordinance denying tribal membership to the children of female (but not male) members who marry outside the tribe violates Title I of the Indian Civil Rights Acts of 1968 (ICRA).[2] The action was brought by a female member of the Santa Clara Pueblo and her daughter, seeking injunctive and declaratory relief against the Tribe. *Id.* at 51, 98 S.Ct. at 1673.

Nothing on the face of Title I of the ICRA purports to subject tribes to the jurisdiction of the federal courts in civil actions for injunctive or declaratory relief. *Id.* at 58–59, 98 S.Ct. at 1677. Under the Act, the only remedial provision expressly supplied by Congress was that of a writ of habeas corpus, available to any person to test the legality of detention by order of an Indian tribe. *Id.* at 58–59, 98 S.Ct. at 1677. Thus, the threshold issue before the Supreme Court was "whether the Act may be interpreted to impliedly authorize such actions [for declaratory or injunctive relief], against a tribe or its officers in the federal courts." *Id.* at 52, 98 S.Ct. at 1673–74. A divided Court concluded that "[i]n the absence here of any unequivocal expression of contrary legislative intent ... suits against the tribe under the ICRA are barred by its sovereign immunity from suit." *Id.* at 59, 98 S.Ct. at 1677.

Defendant relies on *Santa Clara Pueblo* for the proposition that no remedy may be sought against an Indian tribe "unless Congress has explicitly and unambiguously waived the sovereign immunity of the Indian tribal government." Reply at 6. Plaintiffs respond that the CWA and RCRA, unlike the ICRA interpreted by the *Santa Clara Pueblo* Court, expressly allow suits against Indian tribes.

Defendant also relies on *United States Dep't of Energy v. Ohio,* —— U.S. ——, 112 S.Ct. 1627, 118 L.Ed.2d 255 (1992). In that action, Ohio filed suit against the Department of Energy (DOE) for violations of state and federal pollution laws, including the CWA and RCRA, in operating a uranium-processing plant in Fernald, Ohio. —— U.S. at —— – ——, 112 S.Ct. at 1631–32. The issue before the Supreme Court was whether Congress waived the Federal Government's sovereign immunity from liability for civil fines imposed by a State for past violations of the CWA or RCRA. *Id.* at ——, 112 S.Ct. at 1631.[3]

The *Ohio* Court held that the citizen suit sections of the CWA and RCRA explicitly allowed actions against "any person (including ... the United States)." for abatement purposes and injunctive relief. *Id.* at —— – ——, 112 S.Ct. at 1633–34. Turning to the civil penalties provisions, a majority (6–3) of the Court found that Congress had not expressed an intention to waive immunity by the United States for punitive fines. *Id.* at ——, 112 S.Ct. at 1640.

Defendant relies on the *Ohio* decision to support the proposition that before a remedy can be sought against the United States or an Indian tribal government, an unequivocal waiver of sovereign immunity must be enacted. Defendant does not point out, however, that the term "person" in the relevant sections of the CWA and RCRA unequivocally includes Indian tribes as "persons." *See supra* pages 608–09.

---

**2.** 25 U.S.C. §§ 1301–1303. The Act provides, in relevant part, that "[n]o Indian tribe in exercising powers of self-government shall ... deny to any person within its jurisdiction the equal protection of its laws." *Id.* at § 1302(8).

**3.** DOE conceded that the CWA and RCRA render federal agencies liable for fines imposed to induce them to comply with injunctions or other judicial orders designed to modify behavior prospectively. *Id.* at ——, 112 S.Ct. at 1632.

*Argument—Partial Dismissal*

Alternatively, defendant argues that even if citizen suits are available in Indian owned sanitary landfill cases, violations of section 1344 of the CWA are not redressable by citizen suits. In support of this argument, defendant relies exclusively on *ASIN v. City of Livonia*, 765 F.Supp. 389 (E.D.Mich.1991).

In *ASIN*, a neighborhood association brought suit under the CWA, the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq.*, and applicable federal regulations seeking to enjoin construction of a sewage retention basin. 765 F.Supp. at 390. The district court granted defendants' motion for summary judgment. The court found that citizen suits to enforce the CWA are limited to two statutory provisions: Under section 1365(a)(1), private citizens may bring an action against any person alleged to be in violation of the conditions of a permit or effluent limitation imposed by any administrative order; and under section 1365(a)(2) private citizens may bring an action against the EPA when there is alleged failure to perform any act or duty which is not discretionary in nature. *Id.* at 391. Because the plaintiff did not point to an "effluent standard" which the proposed basin would violate, the court determine that it had no standing to sue. *Id.*

In *Love v. New York State Dep't of Environ. Conserv.*, 529 F.Supp. 832 (S.D.N.Y. 1981), plaintiff brought an action under the CWA arising from the alleged pollution of a pond and stream which traversed plaintiff's property. 529 F.Supp. at 835. The complaint alleged that the developer defendants discharged certain sand, soil, solid waste and other pollutants into the stream without a permit. *Id.* at 843. The district court held that "[t]here can be no question that this clearly alleges a violation of Section 301 [33 U.S.C. § 1311(a) ] and jurisdiction lies in this court under Section 505(a) [33 U.S.C. § 1365(a) ] for this plaintiff to obtain prospective relief." *Id.* at 843.

Plaintiffs' Complaint alleges that defendant SRPMIC owns and operates the Tri–City Landfill, which discharges pollutants, without a permit, into the Salt River, in direct violation of the CWA. Complaint ¶ 27. Section 1365(F) of the CWA allows citizen suits for a violation of Section 1311. Section 1311 provides that "[e]xcept as in compliance with this section and sections 1312, 1316, 1317, 1328, 1342, *and 1344* of this title, the discharge of any pollutant by any person shall be unlawful." 33 U.S.C. § 1311(a) (emphasis added).

Because SRPMIC failed to obtain the requisite permit under section 1344, it violated section 1311 and plaintiff has standing to enforce the violation arising under section 1344 through section 1311 and the citizen suit provision, section 1365.

*Other Matters*

On April 2, 1993, a month-and-a-half after filing its Reply memorandum in support of its Motion to Dismiss, defendant filed a memorandum entitled "Additional Authorities to which Allusion may be Made by Defendant Salt River Pima–Maricopa Indian Community at Oral Argument." The three-page memorandum lists 12 cases, four statutes, and a constitutional provision. Additionally, the memorandum sets forth that defendant's Motion to Dismiss should be based on Rule 12(b)(1) as well as the originally cited 12(b)(6).

Plaintiffs have moved to strike defendant's "second Reply." Alternatively, plaintiffs moved to file a supplemental response to defendant's Motion to Dismiss. Plaintiffs claim prejudice arising from the additional authority and claim that they no longer know what defendant's arguments are. The Court does not agree that the defendant "has changed the premise of its entire argument with this second reply." If that was the purpose, as evidenced by this Order, it was unsuccessful. Plaintiffs' Motion to Strike or, alternatively, to file a supplemental response, is denied.

Accordingly,

**IT IS ORDERED** denying defendant Salt River Pima–Maricopa Indian Community's Motion to Dismiss (Dkt. # 19).

**IT IS FURTHER ORDERED** denying plaintiff's Motion to Strike (Dkt. # 66).

**IT IS FURTHER ORDERED** denying as moot plaintiff's request to file a supplemental response to Defendant Salt River Pima–Maricopa Indian Community's Motion to Dismiss (dated April 26, 1993).